**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE       )
      )
     v.       )     I.D. No. 0412008486
      )
MICHAEL A. BROWN,       )
      )
    Defendant.       )

**ORDER SUMMARILY DISMISSING DEFENDANT'S FIFTH
MOTION FOR POSTCONVICTION RELIEF**

This 13th day of January, 2022, upon consideration of Defendant's Motion for

Postconviction Relief under Criminal Rule 61(i)(5) (the "Rule 61 Motion") filed by Defendant

Michael A. Brown on or about November 8, 2021; Superior Court Criminal Rule 61 ("Criminal

Rule 61"); the facts and legal authorities set forth in the Rule 61 Motion; and the entire record in

this case:

## I.     BACKGROUND

1.     In 2005, Mr. Brown was indicted on numerous counts of Robbery in the First

Degree, Attempted Robbery in the First Degree, Wearing a Disguise During the Commission of

a Felony, and Possession of a Firearm During the Commission of a Felony. Mr. Brown was tried

before a jury in 2006. At the close of the State's case-in-chief, Mr. Brown's trial counsel moved

to dismiss five counts in the indictment, arguing that the State had not presented sufficient

evidence to sustain a conviction on those counts. The Superior Court denied the motion to

dismiss. At the end of the eight-day trial, the jury convicted Mr. Brown of most of the offenses

charged in the indictment, including multiple counts of Robbery in the First Degree, Attempted

Robbery in the First Degree, Wearing a Disguise During the Commission of a Felony, and Possession of a Firearm During the Commission of a Felony.

2.     Mr. Brown directly appealed his conviction to the Supreme Court. On August 22, 2007, the Supreme Court affirmed Mr. Brown's conviction.[1] Since the direct appeal, Mr. Brown has filed four motions seeking relief under Criminal Rule 61.[2] Mr. Brown has asserted claims of ineffective assistance of counsel in all his previous Criminal Rule 61 motions.[3] The Court summarily dismissed Mr. Brown's last Criminal Rule 61 motion as procedurally barred.[4] The Supreme Court affirmed that summary dismissal.[5]

## II.     THE MOTION

3.     On November 8, 2021, Mr. Brown, acting *pro se*, filed the Rule 61 Motion. In the Rule 61 Motion, Mr. Brown raises two new ineffective assistance of counsel arguments. First, Mr. Brown argues that his trial counsel was ineffective because counsel failed to seek funding for a DNA expert. Second, Mr. Brown contends that his trial counsel was ineffective for not using these funds to hire a DNA expert to refute the State's DNA evidence and DNA expert. Mr. Brown contends that these inactions by this trial counsel constitute "a miscarriage of justice" under Criminal Rule 61(i)(5).

## III.     DISCUSSION

4.     Criminal Rule 61 governs motions for postconviction relief. Before addressing the substantive merits of any claim for postconviction relief, the Court must first determine whether a defendant has satisfied the procedural requirements of Criminal Rule 61.[6]

---

[1] *Brown v. State*, 933 A.2d 1249 (Table), 2007 WL 2399227 (Del. 2007).
[2] *Brown v. State*, 100 A.3d 1020 (Table), 2014 WL 4264923, at *1-3 (Del. 2014).
[3] *Id.*
[4] *Id.* at *2.
[5] *Id.* at *3-4.
[6] *See Younger v. State,* 580 A.2d 552, 554 (Del. 1990).

5.      Rule 61 establishes four procedural bars to postconviction relief.[7]  Rule 61(i)(1) provides that a motion for postconviction relief must be filed within one year of a final judgment of conviction.[8]  Under Rule 61(i)(2), successive motions are barred unless the motion satisfies the pleading requirements of Rule 61(d)(2)(i) or (d)(2)(ii).[9]  Rule 61(i)(3) bars consideration of any claim not asserted in the proceedings leading up to the judgment of conviction unless the movant can show "cause for relief from the procedural default" and "prejudice from violation of movant's rights."[10]  Rule 61(i)(4) provides that "any ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred."[11]

6.      The procedural bars contained in Rule 61(i)(1-4) may be rescinded only if there is a means by which to do so in the applicable subsection of Rule 61.[12]  Absent such relief, Rule 61(i)(5) provides additional reprieve from the procedural bars described in Rule 61(i)(1-4).[13]  Under Rule 61(i)(5), "[t]he bars to relief in paragraphs (1), (2), (3), and (4) of this subdivision shall not apply either to a claim that the court lacked jurisdiction or to a claim that satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule."[14]  The subparts in Rule 61(d)(2) require a movant:

(i)      pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or

(ii)     pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the

---

[7] Super. Ct. Crim. R. 61(i)(1)-(4).
[8] Super. Ct. Crim. R. 61(i)(1).
[9] Super. Ct. Crim. R. 61(i)(2).
[10] Super. Ct. Crim. R. 61(i)(3).
[11] Super. Ct. Crim. R. 61(i)(4).
[12] *State v. MacDonald,* No. 90010077, 2007 WL 1378332, at *4 (Del. Super. May 9, 2007).
[13] *Id.*
[14] Super. Ct. Crim. R. 61(i)(5).

movant's case and renders the conviction or death sentence invalid.[15]

7. The Rule 61 Motion is procedurally barred by Rule 61(i)(1) as untimely. Mr. Brown filed the Rule 61 Motion more than fourteen years after his final judgment of conviction. Rule 61(i)(2) also bars Mr. Brown's motion because this is his fifth Motion for Postconviction Relief.

8. Mr. Brown argues this trial counsel failed to take certain steps as to DNA evidence that would be used against him at trial. Mr. Brown also contends that the DNA evidence was the only evidence against him because no witnesses positively identified him at trial.

9. Although not necessary for the ruling here, the Court notes that the State had more than DNA evidence at trial.[16] The State presented other circumstantial and direct evidence. According to the previous rulings in this criminal case, around midnight on December 10, 2004, the night of Mr. Brown's arrest, a Delaware State Police detective was conducting surveillance outside of Chelsea Wine and Spirits in New Castle. The detective testified at trial that he saw Mr. Brown pull up in front of the liquor store in an Acura, which was later determined to have been a stolen vehicle. The detective stated that he spotted Mr. Brown enter the liquor store and raise a handgun he had been holding. The detective heard a shot and observed Mr. Brown run back to the car and drive away. The detective followed Mr. Brown and saw him lose control of the car and jump out of the still moving vehicle. Mr. Brown then fled the scene on foot while removing a dark colored piece of clothing.

---

[15] Super. Ct. Crim. R. 61(d)(2).
[16] The Supreme Court has previously detailed the evidence presented at trial. *See Brown*, 2007 WL 2399227, at *1-2.

4

10. Testimony at trial provided that the Delaware State Police searched the area and Mr. Brown was eventually found hiding under the porch of a house. The area around the stolen car and between the car and Mr. Brown's hiding place were canvassed. The police found a long black sleeve shirt and a brown, neoprene, hunting mask. Another police search team canvassed the road Mr. Brown had driven from the liquor store and recovered a revolver on the side of the road two blocks from where the car was ditched.

11. Mr. Brown's DNA was subsequently recovered in both the vehicles he was charged with stealing. In addition, multiple bandannas were found in the stolen cars, on Mr. Brown's person when he was arrested and during a subsequent search of his residence. The police also recovered distinctive clothing that matched the clothing worn by the assailant in many of the surveillance videos.

12. Criminal Rule 61(i)(5) allows the Court to review an otherwise procedurally barred claim. However, Mr. Brown still must satisfy the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of Criminal Rule 61, *i.e.*, that new evidence exists that creates a strong inference of actual innocence, a new rule of constitutional law applies to Mr. Brown's case that renders his conviction invalid. Mr. Brown does not satisfy these pleading requirements. Instead, Mr. Brown contends that there was a miscarriage of justice because he was denied "basic tools of a defense."

13. Mr. Brown has provided no new evidence that creates a strong inference of his actual innocence. Moreover, the Court notes that Mr. Brown does not rely on any new rule of constitutional law that would invalidate his conviction. The Rule 61 Motion is procedurally barred, and Criminal Rule 61(i)(5) does not apply.

## IV.    CONCLUSION

Accordingly, for the reasons set forth above, Mr. Brown's Motion for Postconviction

Relief is hereby **SUMMARILY DISMISSED**.

*/s/ Eric M. Davis*
Eric M. Davis, Judge

cc:    Original to Prothonotary:
Michael A. Brown (SBI #00341129)